IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael S. Hodge, #278832 | ) | |
| | ) | |
| Plaintiff, | ) | 8:08-cv-03656-GRA |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sgt. Kelvin Meyers, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on April 28, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.). The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On January 23, 2009, the defendants filed a motion for summary judgment and an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) was issued on January 23, 2009. In this Order, the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond. The plaintiff did not respond. As the plaintiff is proceeding *pro se*, the court filed a second order on March 31, 2009, giving the plaintiff through April 23, 2009, to file his response. The plaintiff again did not respond. The magistrate now recommends dismissing this action with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).   The plaintiff offered no objections.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.   Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Based on the foregoing, this action be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May 28, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.